```
       CCPCVMN         SUPREME COURT - STATE OF NEW YORK      DATE: 10/23/2007
INDEX NO: 113124 2007       NEW YORK COUNTY CLERK            TIME: 11:28:38
PURCHASE: 09282007       CIVIL INDEX MINUTE BOOK INQUIRY
```

```
PLAINTIFF NAME: STAMANT JOHN          DEFENDANT NAME: MERCK & CO INC
        ATTORNEY: DINKES & SCHWITZER         ATTORNEY: UNKNOWN
                  112 MADISON AVENUE
                  NEW YORK, NEW YORK
                  1-212 683-3800
SEQ  DATE                  MINUTES
0001 09282007              SUMMONS AND VERIFIED COMPLAINT


0001 10092007              NOTICE OF REMOVAL
```

```
                                   NEXT INDEX NUMBER:           /
  F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```

**COUNTY CLERK, NEW YORK COUNTY**

Application for INDEX NUMBER pursuant to Section 8018,
C.P.L.R.

**FEE $210.00**

INDEX NUMBER

Do not write in this space

Space below to be TYPED or PRINTED by applicant

TITLE OF ACTION OR PROCEEDING                    CHECK ONE

_____                  ☐ COMMERCIAL ACTION        ☑ NOT COMMERCIAL ACTION

Plaintiffs,                              ☐ CONSUMER CREDIT TRANSACTION    ☑ NOT CONSUMER CREDIT TRANSACTION

-against-                                ☐ THIRD PARTY ACTION        ☑ NOT THIRD PARTY ACTION

                                         **IF THIRD PARTY ACTION
                                         MAIN INDEX NO.** _____

_____ Inc.,

Defendant

| | | |
|---|---|---|
| Name and address of Attorney for **Plaintiff** Petitioner | Dikees & Schwitzer, P.C. 112 Madison Ave New York, NY 10016 | 0711912 |
| Telephone No. | | |
| Name and address of Attorney for **Defendant** or Respondent | Merck & Co., Inc. c/o CT Corporation 111 8th Ave New York, NY 10011 | |
| Telephone No. | | |
| Nature and object of action or nature of special proceeding | Pharmaceutical Tort / personal Injury | |

Application for Index Number filed by;   Plaintiff ☑   Defendant ☐
Was a previous Third Party Action filed  Yes ☐   No ☐
Date filed _____

SUPREME COURT OF THE STATE OF NEW YORK      INDEX #:
COUNTY OF NEW YORK                          DATE PURCHASED:
= = = = = = = = = = = = = = = = =X
JOHN STAMANT,                               SUMMONS      07113124

       Plaintiffs,

                                Plaintiff designates
                                NEW YORK County as
                                place of trial

       -against-

                                The basis of the
                                venue is:

MERCK & CO., INC.,                          Defendant's place of
                        Business
                 Defendant.
= = = = = = = = = = = = = = = = =X

To the above named defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this
action and to serve a copy of your answer, or, if the
complaint is not served with this summons, to serve a notice
of appearance on the Plaintiff's Attorneys within 20 days
after the service of this summons exclusive of the day of
service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the
State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the
relief demanded herein.

Dated: New York, New York
      September 2(   ,2007

                             DINKES & SCHWITZER, P.C.

                             BY: WILLIAM HAMEL, ESQ.
                             Attorneys for Plaintiff
                             112 Madison Avenue
                             New York City, N.Y. 10016
                             (212) 683-3800

NEW YORK COUNTY CLERK'S OFFICE

SEP 28 2007

FILED

Defendant:

Merck & Co., Inc.
c/o CT Corporation
111 8th Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
═══════════════════════════════════════X

JOHN STAMANT,                                       INDEX NO.:

                                  **Plaintiffs,**        **VERIFIED**
                                                    **COMPLAINT**

            -against-

**MERCK & CO., INC.,**

                              **Defendant.**
═══════════════════════════════════════X

## I. INTRODUCTION

1.    The Plaintiffs, JOHN STAMANT, brings this civil action for damages

arising from JOHN STAMANT's ingestion of the non-steroidal anti-inflammatory drug

VIOXX ("VIOXX"), manufactured and distributed by Defendant MERCK & CO., INC.

("MERCK").

2.    On or about September 29, 2004, October 1, 2004, October 25, 2004, and

October 29, 2004, and thereafter, as a result of the ingestion of VIOXX, JOHN

STAMANT developed serious and permanent injuries, including cardiac injury, cardiac

dysfunction, kidney failure, and other cardiovascular injuries, organ impairment, damage,

and pain and suffering.

3.    VIOXX has been linked to an increased risk of cardiac arrest and stroke in

patients taking the medication. On September 27, 2004, Defendant MERCK, the

manufacturer of VIOXX, disclosed to the United States Food & Drug Administration

("FDA") that the Data Safety Monitoring Board for an ongoing efficacy study of VIOXX

had recommended the study be halted for safety reasons. The study demonstrated an

increased risk of cardiovascular events, including heart attack and stroke, in patients

taking VIOXX compared to placebo. Overall, patients taking VIOXX in the study had twice the risk of a heart attack compared to patients not taking the medication.

4.    After Defendant MERCK's submission to the FDA, VIOXX was approved for marketing in 1999, and introduced to market later that year. After obtaining FDA approval, Defendant MERCK increased the available dosages of VIOXX, and promoted the drug despite having knowledge of studies demonstrating injuries associated with ingestion and use of the drug, as well as continued adverse reactions. VIOXX was promoted as a lower risk alternative to other non-steroidal anti-inflammatory drugs.

5.    Industry-sponsored studies presented in June 2000 at the European United League Against Rheumatism, an organization of which MERCK is a member and corporate sponsor, demonstrated that VIOXX use resulted in a statistically significant increase in hypertension and stroke. Not only did MERCK do nothing to further publicize these studies, or warn consumers, but it denied the results with respect to hypertension in the official publication of the American Pharmaceutical Association, Pharmacy Today, ("*Spin War Aside, Lessons Emerge from Cox-2 Trials,*"August 2000, page 3).

6.    Defendant MERCK minimized the risk of cardiovascular injuries posed by VIOXX notwithstanding that in MERCK'S own 8,000-patient trial of VIOXX more than twice as many arthritis patients taking VIOXX sustained heart attacks and strokes than those who took a competitor manufacturer's non-steroidal anti-inflammatory drug (naproxen). Commenting on this study in its 2000 Annual Report, Defendant MERCK reported, "*there was no difference in cardiovascular mortality between the group treated with Vioxx or naproxen.*" At the same time, Defendant MERCK admitted, "*significantly*

*fewer heart attacks were observed in patients taking naproxen (0.1 percent) compared to the group taking Vioxx 50mg (0.5) percent) in this study.*" In a further attempt to minimize the risks posed by VIOXX, Defendant MERCK assured the consumer public in its 2001 Annual Report that "*Merck scientists believe the weight of evidence supports the theory that naproxen decreased the heart attack rate.*" Defendant MERCK further boasted that, "*the robust clinical trial data available support the safety of VIOXX.*"

7.      On or about August 29, 2001, the Journal of the American Medical Association (JAMA) published a peer-reviewed human epidemiologic study by the Cleveland Clinic Foundation, Cleveland, Ohio, (Dr. D. Mukhijee, et. al.), reporting that MERCK, in its VIOXX trials, concealed the relative risk of "confirmed adjudicated thrombotic cardiovascular event" (defined in the article as "myocardial infarction, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden or unexplained death, ischemic stroke, and transient ischemic attacks").

8.      In August 2004, a study financed by the FDA showed that patients receiving high dosages of VIOXX had about 3.2 times the risk of heart attack or sudden death from heart problems than patients using other common pain killing medications. Even at this late date, Defendant MERCK criticized such findings, announcing publicly that it stood "*behind the efficacy and safety, including cardiovascular safety of VIOXX.*"

9.      In September 2004, Defendant MERCK finally withdrew VIOXX from the market, disclosing information about the strong association between the use of VIOXX and cardiovascular injury.  However, the withdrawal from the market came far too late for JOHN STAMANT, who had already developed injuries from ingesting VIOXX.

## II. VENUE

10.    Pursuant to CPLR Section 503(a), venue is proper in New York County because Defendant, MERCK's principal place of business is in New York County.

## III. THE PARTIES

11.    JOHN STAMANT currently reside at 110 Holly Drive New Windsor, NY 12553.

12.    Defendant MERCK is incorporated in New Jersey, with its principal place of business in New Jersey, the address being One Merck Drive, Whitehouse Station, New Jersey 08889-0100, and has offices, does business, and is present in the State of New York.

## IV. FACTUAL BACKGROUND

13.    Upon information and belief, VIOXX is known as *rofecoxib*.

14.    Upon information and belief, VIOXX was or is, a registered trademark of Defendant MERCK.

15.    At all times relevant to this action, the Defendant MERCK was in the business of manufacturing, promoting, marketing, researching, distributing, and selling prescription medications, including VIOXX, in the State of New York.

16.    Defendant MERCK distributed and sold VIOXX in part through retail distributors.

17.    Before, after, and at the time of the manufacture, promotion, and sale of VIOXX to JOHN STAMANT, Defendant MERCK possessed detailed technical information and had knowledge that VIOXX caused significant and harmful side effects,

including but not limited to: cardiovascular injury, including heart attack and stroke and/or death, and was otherwise extremely hazardous.

18.   The Defendant MERCK concealed this information from JOHN STAMANT and the consuming public.

19.   The Defendant MERCK publicly represented that VIOXX was safe and posed no significant health hazards to customers.

20.   In reality VIOXX can be, and is, highly toxic and presents an unacceptable risk of harm to consumers.

21.   The Defendant MERCK unnecessarily put at risk and wrongfully caused JOHN STAMANT harm and injury without full, proper, and/or timely disclosure, and without warning of the potential associated risks, hazards and/or benefits of VIOXX in a truthful way, and/or otherwise acted in such a way as to be negligent, reckless, strictly liable, and otherwise liable for JOHN STAMANT injuries and associated damages.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST MERCK
## FALSE & DECEPTIVE TRADE PRACTICES

22.   The Plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "20" as though more fully set forth herein.

23.   General Business Law Section Sec. 349(a) declares unlawful any deceptive acts or practices in the conduct of any business, commerce, or trade.

24.   Defendant MERCK either knew or should have known that VIOXX was dangerous and not as effective for its purpose as represented, and posed greater risks than disclosed.

25.    Defendant MERCK was under a duty to disclose this information to JOHN STAMANT, under laws requiring it not to engage in false and deceptive trade practices, and as otherwise alleged in this Complaint, because MERCK made representations and partial disclosures concerning the nature and quality of its product which it had a duty to correct, because MERCK was in a superior position to know the true state of facts about the dangerous and defective nature of VIOXX and its known risks to JOHN STAMANT and because the effects of VIOXX were latent.

26.    As a direct and proximate result of MERCK's fraud and other actionable conduct, described herein, JOHN STAMANT was caused to suffer damages on or about July 28, 2004, and thereafter, including but not limited to cardiac injury, kidney failure, pain, suffering, permanent injury, and loss in the quality of life.

27.    As a direct and proximate result of MERCK's fraud and other actionable conduct described herein, JOHN STAMANT was caused to incur expenses for medical treatment and for non-medical care required as a result of his injuries and hospitalizations.

28.    The limitations on liability set forth in CPLR §1601 do not apply by reason of the exemption set forth in CPLR §1602(2) and (7).

29.    As a result of the foregoing, Plaintiff, JOHN STAMANT has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

### AS AND FOR THE SECOND CAUSE OF ACTION AGAINST MERCK NEGLIGENCE

30.    The Plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "28" though more fully set forth herein.

31.    Defendant MERCK is liable because it beached its duty to JOHN STAMANT, MERCK was negligent and/or reckless in the licensing, testing, design, manufacturing, packaging, warning, advertising, promotion, distribution, and sale of VIOXX.

32.    The negligence of Defendant MERCK includes, but is not limited to negligence in the manufacturing, compounding, testing, inspecting, packaging, labeling, distributing, marketing, examining, and selling of VIOXX, as well as in failing to warn and/or to adequately warn the consuming public directly and though its prescribing physicians and medical professionals, of the unreasonable dangerous effects associated with VIOXX after MERCK had knowledge of the same, thereby breaching the continuing duty to warn.

33.    MERCK was likewise negligent in failing to accompany VIOXX with proper, adequate, and necessarily timely warnings regarding the possible adverse side effects associated with its use and the comparative severity and duration of such side effects.

34.    As a result of the foregoing, Plaintiff JOHN STAMANT has been damaged in a sum exceeding the jurisdictional amounts of all lower courts.

## AS AND FOR THE THIRD CAUSE OF ACTION AGAINST MERCK
## STRICT LIABILITY

35.    Plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "33" as though more fully set forth herein.

36.    Defendant MERCK at all times relevant hereto, was engaged in the marketing, promotion, formulation, manufacture, distribution, and safe of VIOXX.

Defendant MERCK is strictly liable in tort to the Plaintiff for injuries arising from the use of VIOXX.

37.    At the time of its distribution and thereafter, VIOXX was defective, unsafe, and unreasonably dangerous for its intended and/or foreseeable uses.

38.    The VIOXX manufactured and/or supplied by the Defendant MERCK was placed into the stream of commerce in a defective and unreasonably dangerous condition in that the foreseeable risks of VIOXX exceeded the benefits associated with its design or formulation.

39.    As a result of the foregoing, plaintiff JOHN STAMANT has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR THE FOURTH CAUSE OF ACTION AGAINST MERCK
## BREACH OF IMPLIED WARRANTY

40.    The plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "38" as though more fully set forth herein.

41.    At all times material hereto, Defendant MERCK marketed, sold, and distributed VIOXX, knew and promoted the use for which the aforesaid drug was being used by the Plaintiff and prescribing medical professionals, and impliedly warranted to Plaintiff that VIOXX was of merchantable quality and safe for its intended use.

42.    The Plaintiff JOHN STAMANT and/or prescribing medical professionals reasonably relied upon the skill, expertise, and judgment of the Defendant MERCK in its representations as to the fact that VIOXX was safe for its intended use and of merchantable quality.

43.    The Defendant MERCK breached its implied warranty of merchantability in that VIOXX, at the time of its distribution and thereafter, was defective and not fit for the ordinary purpose for which it is used: reduction of inflammation and pain relief.

44.    As a result of the foregoing, Plaintiff JOHN STAMANT has been damaged in a sum exceeding the jurisdictional amounts of all lower courts.

## AS AND FOR THE FIFTH CAUSE OF ACTION AGAINST MERCK BREACH OF EXPRESS WARRANTY

45.    The plaintiff JOHN STAMANT hereby adopts, repeats and realleges by reference herein all the allegations contained in paragraphs "1" through "43" as though more fully set forth herein.

46.    The Defendant MERCK expressly warranted that VIOXX was safe for its intended use. VIOXX did not conform to MERCK's express representations including, but not limited to: the representation that it was well accepted in patient studies; the representation that it was safe; the representation that it did not have unacceptable levels of dangerous and life threatening side effects; representations set forth in this complaint as having been made by MERCK; and representations made in MERCK's written materials. As previously alleged, at all times relevant to the events giving rise to the Plaintiff's causes of action, notice of the dangers of VIOXX had been presented to MERCK.

47.    As a result of the foregoing, Plaintiff JOHN STAMANT has been damaged in an amount exceeding the jurisdictional limits of all lower courts.

## AS AND FOR THE SIXTH CAUSE OF ACTION AGAINST MERCK
## FALSE ADVERTISING

48.     The plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "46 as though more fully set forth herein.

49.     General Business Law Section 350 declares unlawful advertising that is false or misleading in a material respect in the conduct of any business or in the furnishing of any service.

50.     The aforementioned acts, representations and/or omissions by Defendant MERCK were deceptive and misleading practices and/or advertising within the meaning of New York's General Business Law.

51.     As a result of the foregoing, Plaintiff JOHN STAMANT has been damaged in a sum exceeding the jurisdictional amounts of all lower courts.

## AS AND FOR THE SEVENTH CAUSE OF ACTION AGAINST MERCK
## FRAUD

52.     The Plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "50" as though more fully set forth herein.

53.     Defendant MERCK made material misrepresentations regarding the dangers, risks, and/or potential side effects of VIOXX.

54.     MERCK knew the misrepresentations were false.

55.     MERCK made the misrepresentations with the intent to deceive its customers and potential customers, including Plaintiff JOHN STAMANT. Specifically,

MERCK continued to promote VIOXX, without disclosing its risks, despite having knowledge of the following pieces of information, among others:

a.  In industry-sponsored studies presented in June 2000 at the European United League Against Rheumatism, an organization of which MERCK is a member and corporate sponsor, it was shown that VIOXX use resulted in a statistically significant increase in hypertension and stroke.

b.  In MERCK's own 8,000 patient trial of VIOXX more than twice as many arthritis patients taking VIOXX sustained heart attacks and strokes than those who took a competitor manufacturer's non-steroidal anti-inflammatory drug (naproxen). Commenting on this study in its 2000 Annual Report, MERCK reported, *"there was no difference in cardiovascular mortality between the group treated with Vioxx or naproxen."*

c.  MERCK minimized the risks posed by VIOXX, in its 2001 Annual Report stating: *"Merck scientists believe the weight of evidence supports the theory that naproxen decreased the heart attack rate."* MERCK further boasted that, *"the robust clinical trial data available support the safety of VIOXX."*

d.  On or about August 29, 2001, the Journal of the American Medical Association, (JAMA) published a peer-reviewed human epidemiologic study by the Cleveland Clinic Foundation, Cleveland, Ohio, (Dr. D. Mukhijee, et al.), showing that MERCK had concealed the relative risk of "confirmed adjudicated thrombotic cardiovascular event" (defined in the article as "myocardial infarction, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden or unexplained death, ischemic stroke, and transient ischemic attacks") in VIOXX users in MERCK's trials.

e.  In August 2004, a study financed by the FDA showed the patients receiving high dosages of VIOXX had about times the risk of heart attack or sudden death from problems that patients using other common pain medications. Even at this date, MERCK stated that "behind the efficacy and safety, including cardi safety, of VIOXX."

MERCK continued to promote VIOXX, without disclosing its risks, despite having knowledge of the following pieces of information, among others:

a.  In industry-sponsored studies presented in June 2000 at the European United League Against Rheumatism, an organization of which MERCK is a member and corporate sponsor, it was shown that VIOXX use resulted in a statistically significant increase in hypertension and stroke.

b.  In MERCK's own 8,000 patient trial of VIOXX more than twice as many arthritis patients taking VIOXX sustained heart attacks and strokes than those who took a competitor manufacturer's non-steroidal anti-inflammatory drug (naproxen). Commenting on this study in its 2000 Annual Report, MERCK reported, *"there was no difference in cardiovascular mortality between the group treated with Vioxx or naproxen."*

c.  MERCK minimized the risks posed by VIOXX, in its 2001 Annual Report stating: *"Merck scientists believe the weight of evidence supports the theory that naproxen decreased the heart attack rate."* MERCK further boasted that, *"the robust clinical trial data available support the safety of VIOXX."*

d.  On or about August 29, 2001, the Journal of the American Medical Association, (JAMA) published a peer-reviewed human epidemiologic study by the Cleveland Clinic Foundation, Cleveland, Ohio, (Dr. D. Mukhijee, et al.), showing that MERCK had concealed the relative risk of "confirmed adjudicated thrombotic cardiovascular event" (defined in the article as "myocardial infarction, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden or unexplained death, ischemic stroke, and transient ischemic attacks") in VIOXX users in MERCK's trials.

e.  In August 2004, a study financed by the FDA showed that patients receiving high dosages of VIOXX had about 3.2 times the risk of heart attack or sudden death from heart problems that patients using other common pain killing medications. Even at this date, MERCK stated that it stood *"behind the efficacy and safety, including cardiovascular safety, of VIOXX."*

f.   Additional details of MERCK's material misrepresentations regarding VIOXX, which were knowingly made with the intent to deceive, are peculiarly within MERCK's knowledge and cannot be further articulated at the pleading stage.

56.   The plaintiff JOHN STAMANT justifiably relied upon MERCK's misrepresentations regarding the dangers, risks, and/or potential side effects of VIOXX.

57.   As a result of the Plaintiff's reliance, the Plaintiff suffered severe personal injuries.

58.   As a result of the foregoing, Plaintiff JOHN STAMANT has been damaged in a sum exceeding the jurisdictional amounts of all lower courts.

**AS AND FOR THE EIGTH CAUSE OF ACTION AGAINST MERCK**

59.   Plaintiff, JOHN STAMANT, repeats and realleges each and every allegation contained in paragraphs 1 through 57 inclusive, with the same force and effect as though more fully set forth at length herein.

60.   That in consequence of the injuries sustained by the plaintiff, JOHN STAMANT as aforesaid, the plaintiff, JOHN STAMANT, incurred expenses for medical, hospital and x-ray aid and attention in an effort to cure the said JOHN STAMANT, of the said injuries, and necessarily paid diverse sums of money for medical, hospital and x-ray aid and attention, and for medicines, and this plaintiff necessarily incurred obligations and expended monies for the care of the said JOHN STAMANT, and for the performance of the household duties usually performed by this JOHN STAMANT, and the plaintiff, JOHN STAMANT, was deprived of the companionship and consortium of the plaintiff, JOHN STAMANT, for some time.

## PRAYER FOR RELIEF

61.    WHEREFORE, Plaintiffs, JOHN STAMANT, demands judgment against the Defendant MERCK, including punitive and exemplary damages, in a sum exceeding the jurisdictional limits of all lower courts with regard to each of their causes of action, separately and individually, together with the interest, costs and disbursements of this action.

62.    Plaintiff seeks such other relief as is just and equitable.

Dated: New York, New York
      September   28   , 2007

BY: _____
     WILLIAM HAMEL, ESQ.
     DINKES & SCHWITZER, P.C.
     Attorney(s) for Plaintiff
     112 Madison Avenue
     New York, New York 10016
     212-683-3800

## VERIFICATION

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF NEW YORK)

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the Plaintiff in the within action; I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my clients, is that my clients is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
        September     28   , 2007

_____
WILLIAM HAMEL, ESQ.

INDEX NO.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOHN STAMANT,

                                        Plaintiffs,

                        -against-

MERCK & CO., INC.,

                                        Defendant.

SUMMONS AND VERIFIED COMPLAINT

DINKES & SCHWITZER, P.C.

Attorney(s) for Plaintiff(s)

112 MADISON AVENUE

NEW YORK, N.Y. 10016

(212) 685-7800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - x
                                      :
JOHN STAMANT,                         :      Index No.: 113124/07
                                      :
                        Plaintiff,    :
                                      :      **NOTICE OF FILING OF**
            -against-                 :      **NOTICE OF REMOVAL**
                                      :
MERCK & CO., INC.,                    :
                                      :
                        Defendant.    :
- - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that Defendant, Merck & Co., Inc. ("Merck"), through

undersigned counsel, has removed this case to the United States District Court for the Southern

District of New York by filing a Notice of Removal. A copy of Merck's Notice of Removal is

attached as Exhibit A hereto.

Dated: New York, New York
       October 3, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Theodore V. H. Mayer
    Vilia B. Hayes
    Robb W. Patryk

One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

**FILED**
OCT - 9 2007
COUNTY CLERK'S OFFICE
NEW YORK

60025143_1.DOC

# Exhibit A

Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
JOHN STAMANT,                                 :     No.: 07 Civ 8645
                                              :
                                Plaintiff,    :
                                              :     **NOTICE OF REMOVAL OF**
              -against-                        :     **DEFENDANT MERCK & CO.,**
                                              :     **INC.**
MERCK & CO., INC.,                            :
                                              :
                                Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - -x

       PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this

action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Supreme Court of the State of

New York, County of New York to the United States District Court for the Southern District of

New York and respectfully states to this Court the following:

       1.     This action involves allegations regarding the prescription drug Vioxx®.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring

148 Vioxx products liability cases to the United States District Court for the Eastern District of

Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C.§ 1407. *In re Vioxx*

*Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Merck intends to seek the transfer of

this action to that Multidistrict Litigation, *In re Vioxx Marketing, Sales Practices and Products*

M01069872

*Liability Litigation,* MDL No. 1657, and will shortly provide to the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2.      Plaintiff John Stamant ("Plaintiff") filed this civil action against Merck in the Supreme Court of the State of New York, County of New York, bearing Index Number 07/113124.  Plaintiff seeks damages for "serious and permanent injuries, including cardiac injury, cardiac dysfunction, kidney failure, and other cardiovascular injuries, organ impairment, damage, and pain and suffering" that he alleges were caused by his use of the prescription medicine Vioxx.  (Compl. ¶ 2.)  Plaintiff's claims are based on theories of false and deceptive trade practices, negligence, strict liability, breach of implied warranty, breach of express warranty, false advertising, and fraud.

3.      As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Merck has (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I.      **MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4.      Merck has not yet been served with a copy of Plaintiff's Verified Complaint ("Complaint").  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.  A true and correct copy of the Summons and Complaint are attached hereto as Exhibit 1.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 112(b) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.      No previous application has been made for the relief requested herein.

M01069973

7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, New York County.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

### A.    Complete Diversity Of Citizenship.

9.    There is complete diversity between Plaintiff, a citizen of New York, and Merck, a citizen of New Jersey.

10.    Merck is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11.    Upon information and belief, Plaintiff is a citizen of the State of New York.[1]

### B.    The Amount In Controversy Requirement Is Satisfied.

12.    It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff seeks damages for alleged "serious and permanent injuries, including cardiac injury, cardiac dysfunction, kidney

---

[1].    Plaintiff alleges that he is a resident of New York. (Compl. ¶ 11.) Plaintiff alleges no other alternative state of residence. Accordingly, New York is the state in which Plaintiff is domiciled and, therefore, the state of which he is a citizen. *See* 28 U.S.C. § 1332(a); *see also Linardos v. Fortuna*, 157 F.3d 945, 946 (2d Cir. 1998) ("[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile.").

M01065967.4

failure, and other cardiovascular injuries, organ impairment, damage, and pain and suffering" that Plaintiff alleges were caused by his use of the pharmaceutical Vioxx, which was manufactured by Merck. (Compl. ¶ 2.) The foregoing makes it apparent that the amount in controversy for Plaintiff is well in excess of $75,000. *See, e.g., James v. Gardner*, 2004 U.S. Dist. LEXIS 23174, *10 (E.D.N.Y. 2004) (where plaintiff fails to represent a definitive amount in controversy, the court may look to defendant's petition for removal for a showing of reasonable probability that plaintiff's claim for damages exceeds the jurisdictional amount).

      13.    Federal courts confronted by similar complaints in which plaintiffs alleged that they suffered similar injuries as a result of their use of Vioxx found that they have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and, either explicitly or implicitly, concluded that the amount in controversy exceeded $75,000. *See, e.g., Porter v. Merck & Co., Inc.*, No. 4:03CV12LN, Memorandum and Order at 2 (S.D. Miss. June 17, 2003);[2] *Zeedyk v. Merck & Co., Inc.*, No. 02C4203, Order at 2 (N.D. Ill. August 30, 2002).[3]

---

2.   True and correct copies of the complaint and unpublished decision in *Porter* are attached hereto as Exhibit 2.

3.   True and correct copies of the complaint and Court's Order in *Zeedyk* are attached hereto as Exhibit 3.

M01066875

WHEREFORE, Defendant Merck respectfully removes this action from the

Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441.

DATED:    New York, New York
          October 3, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Theodore V. H. Mayer
    Vilia B. Hayes
    Robb W. Patryk

One Battery Park Plaza
New York, New York  10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

M01006698/6

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK          INDEX #:
COUNTY OF NEW YORK                              DATE PURCHASED:
= = = = = = = = = = = = = = = = = = = =X
JOHN STAMANT,                                   SUMMONS      07113124

                    Plaintiffs,
                                                Plaintiff designates
                                                NEW YORK County as
                                                place of trial

               -against-
                                                The basis of the
                                                venue is:

MERCK & CO., INC.,                              Defendant's place of
                                                Business
                              Defendant.
= = = = = = = = = = = = = = = = = = = =X
To the above named defendant(s):


        YOU ARE HEREBY SUMMONED to answer the complaint in this
action and to serve a copy of your answer, or, if the
complaint is not served with this summons, to serve a notice
of appearance on the Plaintiff's Attorneys within 20 days
after the service of this summons exclusive of the day of
service or within 30 days after the service is complete if
this summons is not personally delivered to you within the
state of New York; and in case of your failure to appear or
answer, judgment will be taken against you by default for the
relief demanded herein.

Dated, New York, New York
       September   ,2007


                                  DINKES & SCHWITZER, P.C.


                                  BY: WILLIAM HAMEL, ESQ.
                                  Attorneys for Plaintiff
                                  112 Madison Avenue
                                  New York City, NY 10016
                                  (212) 683-3800


Defendant:

Merck & Co., Inc.
c/o CT Corporation
111 8th Avenue
New York, NY 10011

FILED
SEP 28 2007
NEW YORK
COUNTY CLERKS OFFICE

M01065987B

taking VIOXX compared to placebo. Overall, patients taking VIOXX in the study had twice the risk of a heart attack compared to patients not taking the medication.

4.    After Defendant MERCK's submission to the FDA, VIOXX was approved for marketing in 1999, and introduced to market later that year. After obtaining FDA approval, Defendant MERCK increased the available dosages of VIOXX, and promoted the drug despite having knowledge of studies demonstrating injuries associated with ingestion and use of the drug, as well as continued adverse reactions. VIOXX was promoted as a lower risk alternative to other non-steroidal anti-inflammatory drugs.

5.    Industry-sponsored studies presented in June 2000 at the European United League Against Rheumatism, an organization of which MERCK is a member and corporate sponsor, demonstrated that VIOXX use resulted in a statistically significant increase in hypertension and stroke. Not only did MERCK do nothing to further publicize these studies, or warn consumers, but it denied the results with respect to hypertension in the official publication of the American Pharmaceutical Association, Pharmacy Today, ("*Spin War Aside, Lessons Emerge from Cox-2 Trials,*"August 2000, page 3).

6.    Defendant MERCK minimized the risk of cardiovascular injuries posed by VIOXX notwithstanding that in MERCK'S own 8,000-patient trial of VIOXX more than twice as many arthritis patients taking VIOXX sustained heart attacks and strokes than those who took a competitor manufacturer's non-steroidal anti-inflammatory drug (naproxen). Commenting on this study in its 2000 Annual Report, Defendant MERCK reported, "*there was no difference in cardiovascular mortality between the group treated with Vioxx or naproxen.*" At the same time, Defendant MERCK admitted, "*significantly*

M010659079

*fewer heart attacks were observed in patients taking naproxen (0.1 percent) compared to the group taking Vioxx 50mg (0.5) percent) in this study."* In a further attempt to minimize the risks posed by VIOXX, Defendant MERCK assured the consumer public in its 2001 Annual Report that *"Merck scientists believe the weight of evidence supports the theory that naproxen decreased the heart attack rate."* Defendant MERCK further boasted that, *"the robust clinical trial data available support the safety of VIOXX."*

7.      On or about August 29, 2001, the Journal of the American Medical Association (JAMA) published a peer-reviewed human epidemiologic study by the Cleveland Clinic Foundation, Cleveland, Ohio, (Dr. D. Mukhijee, et. al.), reporting that MERCK, in its VIOXX trials, concealed the relative risk of "confirmed adjudicated thrombotic cardiovascular event" (defined in the article as "myocardial infarction, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden or unexplained death, ischemic stroke, and transient ischemic attacks").

8.      In August 2004, a study financed by the FDA showed that patients receiving high dosages of VIOXX had about 3.2 times the risk of heart attack or sudden death from heart problems than patients using other common pain killing medications. Even at this late date, Defendant MERCK criticized such findings, announcing publicly that it stood *"behind the efficacy and safety, including cardiovascular safety of VIOXX."*

9.      In September 2004, Defendant MERCK finally withdrew VIOXX from the market, disclosing information about the strong association between the use of VIOXX and cardiovascular injury. However, the withdrawal from the market came far too late for JOHN STAMANT, who had already developed injuries from ingesting VIOXX.

M010059880

## II. VENUE

10.    Pursuant to CPLR Section 503(a), venue is proper in New York County because Defendant, MERCK's principal place of business is in New York County.

## III. THE PARTIES

11.    JOHN STAMANT currently reside at 110 Holly Drive New Windsor, NY 12553.

12.    Defendant MERCK is incorporated in New Jersey, with its principal place of business in New Jersey, the address being One Merck Drive, Whitehouse Station, New Jersey 08889-0100, and has offices, does business, and is present in the State of New York

## IV. FACTUAL BACKGROUND

13.    Upon information and belief, VIOXX is known as *rofecoxib*.

14.    Upon information and belief, VIOXX was or is, a registered trademark of Defendant MERCK.

15.    At all times relevant to this action, the Defendant MERCK was in the business of manufacturing, promoting, marketing, researching, distributing, and selling prescription medications, including VIOXX, in the State of New York.

16.    Defendant MERCK distributed and sold VIOXX in part through retail distributors.

17.    Before, after, and at the time of the manufacture, promotion, and sale of VIOXX to JOHN STAMANT, Defendant MERCK possessed detailed technical information and had knowledge that VIOXX caused significant and harmful side effects,

M010959881

25.    Defendant MERCK was under a duty to disclose this information to JOHN STAMANT, under laws requiring it not to engage in false and deceptive trade practices, and as otherwise alleged in this Complaint, because MERCK made representations and partial disclosures concerning the nature and quality of its product which it had a duty to correct, because MERCK was in a superior position to know the true state of facts about the dangerous and defective nature of VIOXX and its known risks to JOHN STAMANT and because the effects of VIOXX were latent.

26.    As a direct and proximate result of MERCK's fraud and other actionable conduct, described herein, JOHN STAMANT was caused to suffer damages on or about July 28, 2004, and thereafter, including but not limited to cardiac injury, kidney failure, pain, suffering, permanent injury, and loss in the quality of life.

27.    As a direct and proximate result of MERCK's fraud and other actionable conduct described herein, JOHN STAMANT was caused to incur expenses for medical treatment and for non-medical care required as a result of his injuries and hospitalizations.

28.    The limitations on liability set forth in CPLR §1601 do not apply by reason of the exemption set forth in CPLR §1602(2) and (7).

29.    As a result of the foregoing, Plaintiff, JOHN STAMANT has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

## AS AND FOR THE SECOND CAUSE OF ACTION AGAINST MERCK
## NEGLIGENCE

30.    The Plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "28" though more fully set forth herein.

M0106S9882

31.    Defendant MERCK is liable because it breached its duty to JOHN STAMANT. MERCK was negligent and/or reckless in the licensing, testing, design, manufacturing, packaging, warning, advertising, promotion, distribution, and sale of VIOXX.

32.    The negligence of Defendant MERCK includes, but is not limited to negligence in the manufacturing, compounding, testing, inspecting, packaging, labeling, distributing, marketing, examining, and selling of VIOXX, as well as in failing to warn and/or to adequately warn the consuming public directly and though its prescribing physicians and medical professionals, of the unreasonable dangerous effects associated with VIOXX after MERCK had knowledge of the same, thereby breaching the continuing duty to warn.

33.    MERCK was likewise negligent in failing to accompany VIOXX with proper, adequate, and necessarily timely warnings regarding the possible adverse side effects associated with its use and the comparative severity and duration of such side effects.

34.    As a result of the foregoing, Plaintiff JOHN STAMANT has been damaged in a sum exceeding the jurisdictional amounts of all lower courts.

## AS AND FOR THE THIRD CAUSE OF ACTION AGAINST MERCK
## STRICT LIABILITY

35.    Plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "33" as though more fully set forth herein.

36.    Defendant MERCK at all times relevant hereto, was engaged in the marketing, promotion, formulation, manufacture, distribution, and safe of VIOXX.

M010669883

Defendant MERCK is strictly liable in tort to the Plaintiff for injuries arising from the use of VIOXX.

37.    At the time of its distribution and thereafter, VIOXX was defective, unsafe, and unreasonably dangerous for its intended and/or foreseeable uses.

38.    The VIOXX manufactured and/or supplied by the Defendant MERCK was placed into the stream of commerce in a defective and unreasonably dangerous condition in that the foreseeable risks of VIOXX exceeded the benefits associated with its design or formulation.

39.    As a result of the foregoing, plaintiff JOHN STAMANT has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR THE FOURTH CAUSE OF ACTION AGAINST MERCK
## BREACH OF IMPLIED WARRANTY

40.    The plaintiff JOHN STAMANT hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "38" as though more fully set forth herein.

41.    At all times material hereto, Defendant MERCK marketed, sold, and distributed VIOXX, knew and promoted the use for which the aforesaid drug was being used by the Plaintiff and prescribing medical professionals, and impliedly warranted to Plaintiff that VIOXX was of merchantable quality and safe for its intended use.

42    The Plaintiff JOHN STAMANT and/or prescribing medical professionals reasonably relied upon the skill, expertise, and judgment of the Defendant MERCK in its representations as to the fact that VIOXX was safe for its intended use and of merchantable quality.